## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN R. CLARK, Inmate #05406-090, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-016-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| C/O NEUSUM, C/O GORDON, and | ) |
| C/O LARS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate currently in the Federal Correctional Institution in Pekin, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority, *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346, 2671-2680. Plaintiff complains of conduct that occurred while he was an inmate in the Federal Correctional Institution in Greenville, Illinois.

### LEAVE TO PROCEED IN FORMA PAUPERIS

On January 9, 2006, this action was transferred into this district from the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1391(b). Prior to transfer, The Honorable Harold A. Baker, United States District Judge, ordered Plaintiff to submit an initial partial filing fee of $5.70 and ordered that if Plaintiff tendered that fee to the Court, his request for *in forma pauperis* status would be granted. Plaintiff has tendered that fee. As such, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**. Because Plaintiff has now been

granted leave to proceed *in forma pauperis* in the action, Plaintiff's motion for an extension of time to pay the initial partial filing fee is **DENIED as moot**.

THRESHOLD REVIEW

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Neusum, Gordon, and Lars for unconstitutional use of excessive force in violation of the Eighth Amendment.

**COUNT 2:** Against Defendant the United States of America under the Federal Tort Claims Act, 28 U.S.C. §1346, 2671-2680.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this

point in the litigation.

FACTUAL ALLEGATIONS

Plaintiff states that on September 29, 2004, Defendant Gordon approached Plaintiff's cell in the Special Housing Unit ("SHU") and told him to pack his belongs for a move to another cell. A short time later C/O Washington (not a defendant) came to the cell and asked if Plaintiff was ready to be moved, to which Plaintiff replied, "no." A few minutes later, Defendants Gordon, Neusum, and Lars came to Plaintiff's cell. Plaintiff asked Defendant Gordon if he could remain in the same cell because he had been moved there just the day before. At that point, one of the officers opened the cell door and threw a pair of handcuffs onto the cell floor. Plaintiff kicked them back out of his cell. Defendant Neusum then charged into the cell. Plaintiff put his hands up, walked to the back of the cell, fell onto his knees and covered his head with his hands. Defendants Gordon and Lars grabbed Plaintiff's arms and held him down on the floor, while Defendant Neusum struck Plaintiff in the back of the head with a pair of handcuffs, causing a bleeding wound. Plaintiff began yelling; Defendant Neusum told him to "shut up" and struck Plaintiff in the left eye with the handcuffs. Plaintiff was then placed in handcuffs. On his way out of the cell, Defendant Neusum kicked Plaintiff in the face. One of the officers left a radio in Plaintiff's cell, which Plaintiff used to call for help. Shortly after Plaintiff's call, the assistant warden and other prison officials arrived at the cell. After receiving medical treatment for his injuries and having photographs of his wounds taken, Plaintiff was given an emergency transfer to the Federal Correctional Institution in Pekin, Illinois. As a result of the assault, Plaintiff received three lacerations to his scalp, requiring ten stitches; two lacerations on his left eye, requiring three stitches; bruising; mental and emotional trauma; and scarring.

**COUNT 1**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. … [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). Based on these legal standards and Plaintiff's allegations, Plaintiff is allowed to proceed on the excessive force claim against Defendants Neusum, Gordon, and Lars.

**COUNT 2**

Federal prisoners may bring suit against the United States under the Federal Tort Claims Act ("FTCA") for injuries they sustain while incarcerated. *See Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). However, they must first present the claim to the federal agency responsible for the injury. *Id.* Under the act,

> An action shall not be instituted upon a claim against the United States for money
> damages for injury or loss of property or personal injury or death caused by the
> negligent or wrongful act or omission of any employee of the government while
> acting within the scope of his office or employment, unless the claimant shall have

first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).  Plaintiff has filed with his complaint the Bureau of Prisons Final Denial of Claim letter indicating that administrative review was complete and informing Plaintiff of his right to sue within six months of the date of the letter, April 14, 2005.  Plaintiff filed this case in the Central District of Illinois on August 8, 2005, within the six month period.  As such, Plaintiff has stated a claim and shall be allowed to proceed on the FTCA claim stated in Count 2.

SUMMARY AND CONCLUSION

Plaintiff may proceed on the excessive force claim against Defendants Neusum, Gordon, and Lars, and on the FTCA claim against the United States.

*Service upon The United States of America*

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for the **ATTORNEY GENERAL of the UNITED STATES** and the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk of Court is **DIRECTED** to send Plaintiff **two (2)** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk of Court is **DIRECTED** to prepare a summons for the **UNITED STATES OF AMERICA**.  The Clerk shall forward the summons, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The Clerk is **FURTHER DIRECTED** to prepare a <u>copy</u> of the summons, a <u>copy</u> of the complaint, and a copy of this Memorandum and Order to be served by the United States Marshal on the **ATTORNEY GENERAL of the UNITED STATES**.

The United States Marshal is **DIRECTED** to serve the original summons and complaint on the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS**, and a <u>copy</u> of the summons and complaint on the **ATTORNEY GENERAL of the UNITED STATES**.

*Service upon Bureau of Prisons Employees*

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Neusum, Gordon, and Lars***.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint, including copies for the United States Attorney and the Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendants Neusum, Gordon, and Lars*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, ***and*** on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.  All costs of service shall be advanced by the United States.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Bureau of Prisons (B.O.P.) who no longer can be found at the work address provided by Plaintiff, the B.O.P. shall furnish the Marshal with that

Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise), and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the B.O.P. pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service, as well as any requests for waivers of service that are returned as undelivered, as soon as they are received.  If a waiver of service is not returned by a Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon that Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless that Defendant shows good cause for such failure.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include, with the original paper to be filed with the Clerk of the court, a certificate stating the date that a true and correct copy of any document was mailed to the United States Attorney.  Any paper received by a district judge or magistrate which has not been

filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pretrial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

**IT IS SO ORDERED.**

DATED: 08/21/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge